UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EUGENE SCALIA, Secretary of Labor, United States Department of Labor,

                        Plaintiff,

      -against-

TOP NOTCH HOME DESIGNS CORP. d/b/a TOP NOTCH, and LEONIDIS "LUIS" PRIFTAKIS, Individually and as Owner,

                        Defendant.
-------------------------------------------------------------X

**FILED**
**CLERK**

6/16/2021 4:35 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

Civ. No. 20-cv-05087(GRB)(JMW)

**WICKS,** Magistrate Judge:

      Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor, initially commenced this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, 29 U.S.C. §201, *et seq*. ("FSLA") to enjoin Defendants Top Notch Home Designs Corp. d/b/a Top Notch and Leonidis "Luis" Priftakis, from interfering with and obstructing the Secretary of Labor's investigation of violations of the FLSA, and from retaliating against cooperating employees. To this effect, District Judge Brown "so ordered" Plaintiff's proposed preliminary injunction on October 29, 2020 and revised preliminary injunction on November 10, 2020 (DE 10 and DE 14, respectively).

      Plaintiff now seeks to amend the Complaint based on additional information that was obtained through the investigations that took place after the Preliminary Injunctions were granted, regarding back wages and liquidated damages (DE 24). In addition to the previously pled causes of action for Obstruction of the Secretary's Investigation in Violation of the FLSA and Retaliation

1

Against Employees in Violation of the FLSA, Plaintiff's proposed Amended Complaint pleads additional causes of action under the FLSA for violations of sections 7(a) and 15(a)(2) (failure to pay overtime), and sections 11(c) and 15(a)(5) (failure to keep required employment records). The deadline for motions to join new parties or amend pleadings is August 2, 2021 (DE 5/14/21). Although Plaintiff's motion states that Defendants do not consent to the filing of the amended complaint, Defendants did not oppose Plaintiff's motion (DE 24).

Motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), "The court shall freely give leave when justice so requires." "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL) 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT) 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019)(internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, specifying the new claims and/or parties intended to be added. *Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB) 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

Plaintiff is well within the August 2, 2021 deadline (DE 5/14/21) to move for leave to amend pleadings in this matter and properly attached a proposed Amended Complaint to his motion. Minimal discovery has been exchanged and no party has taken depositions. From the outset of this action, Plaintiff's intention to serve an Amended Complaint has been clear. The

Complaint asserted that Defendants were violating Sections 11 and 15 of the FLSA, alleged that Defendant was obstructing the investigations into these claims, and sought related injunctive relief in order to obtain necessary information to properly plead said FLSA violations. Moreover, in the May 13, 2021 *joint* motion to adjourn the settlement conference (DE 23), Plaintiff expressly stated that he would be moving to amend the Complaint for exactly these reasons. There is no surprise that the additional causes of action are directly related to the information that Plaintiff obtained as a result of the investigations that were conducted after this Court ordered the preliminary injunctions. Plaintiff has made no showing of bad faith, undue delay, futility or undue prejudice to Defendants. Therefore, Plaintiff's unopposed Motion to Amend the Complaint is hereby granted. Plaintiff is directed to file the Amended Complaint within 30 days of the date of this Order.

      Finally, Plaintiff, former Secretary of Labor, Eugene Scalia, has been substituted by Secretary of Labor, Martin J. Walsh, pursuant to Fed. R. Civ. P. 25(d). Accordingly, it is hereby Ordered that the caption for this matter be amended as set forth in Plaintiff's proposed Amended Complaint, with the footnote removed, and the Clerk of the Court reflect this on the docket.

Dated: Central Islip, New York
       June 16, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

3