UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JULIE A. SU, *Acting Secretary of Labor*,
*United States Department of Labor*, [1]

                                               *Plaintiff*,

        -against-

TOP NOTCH HOME DESIGNS CORP. d/b/a TOP
NOTCH, LEONIDIS "LUIS" PRIFTAKIS,

                                              *Defendants*.
-------------------------------------------------------------X

**MEMORANDUM ORDER**
20-cv-5087 (GRB)(JMW)

**A P P E A R A N C E S:**

Hollis Virginia Pfitsch, Esq.
Ndidi Menkiti, Esq.
**U.S. Department of Labor**
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
*Attorneys for Plaintiff*

Pankaj Malik, Esq.
**PM L**aw **PC**
14 Penn Plaza
225 West 34th Street, 9th Floor
New York, NY 10122
*Attorneys for Defendants*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff for former Secretary of Labor Martin J. Walsh.

1

**WICKS,** Magistrate Judge:

> "*The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing the district courts from the need to hunt through voluminous records without guidance from the parties.*"[2]

Focused statements of material facts assist the court in its role determining whether issues of fact exist for trial. The question presented here is whether, under the circumstances, superfluous statements that are contained in a 56.1 statement[3] in support of a motion for summary judgment should be "stricken" or simply disregarded by the Court considering the motion. Because Defendant has not satisfied the heavy burden required to strike statements from a 56.1 statement, the motion to strike here must be denied.

Plaintiff, the Secretary of Labor, United States Department of Labor ("Plaintiff") commenced this action against Defendants Top Notch Home Designs Corp. and Leonidis "Luis" Priftakis (collectively, "Defendants") for violations of the Fair Labor Standards Act of 1938 (the "FLSA" or the "Act"), alleging Defendants failed to pay their "employees day rates for all hours worked, fail[ed] to record hours worked, threaten[ed] employees who cooperated with the Department of Labor[,]" and "unlawfully interfered with and obstructed" Plaintiff's investigation of Defendant's potential violations of the FLSA. (ECF No. 26 at ¶¶ 1, 5). In October 2023, Plaintiff sought leave to file a partial summary judgment motion in the case, attaching a Rule 56.1 Statement as Exhibit 1 ("Plaintiff's Rule 56.1 Statement") to her motion for a pre-motion conference. (ECF No. 68.)

---

[2] *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

[3] Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2

Defendants subsequently requested leave to file a motion to strike certain portions of Plaintiff's 56.1 Statement (ECF No. 71), and a briefing schedule was set for Defendants' anticipated motion (*see* Electronic Orders dated 11/15/23, 11/17/203). Accordingly, before the Court is Defendants' motion to strike certain portions of Plaintiff's Rule 56.1 Statement (ECF Nos. 74, 76), which is opposed by Plaintiff (ECF No. 57). For the reasons stated below, Defendants' motion to strike (ECF No. 74) is denied.

## BACKGROUND

In her Amended Complaint, Plaintiff alleges that from 2016 to 2019, Defendants "denied their employees proper overtime wages . . . [paying] their employees a flat daily rate for all hours worked, without paying them overtime premium compensation" despite "employees consistently work[ing] in excess of 40 hours per week performing roofing and siding construction tasks." (ECF No. 26 at ¶ 3.) Plaintiff alleges Defendants "failed to keep accurate records of hours worked or regular overtime pay rates, as required by the FLSA[,]" and have "employed at least one minor to perform roofing work" in violation of the Act. (*Id.*)

Plaintiff further alleges that the Department of Labor, specifically the Secretary of Labor, is in charge of "investigating employers to ascertain their compliance with the minimum wage, overtime, and recordkeeping requirements set forth in the FLSA[,]" and that Defendants have "unlawfully interfered with and obstructed the Secretary's investigation of violations of the [FLSA] with respect to Defendants' payment practices." (*Id.* at ¶¶ 2, 5). Specifically, Plaintiff alleges Defendants "have embarked on campaign of ever-increasing interference and witness intimidation" since the initiation of Plaintiff's investigation. (*Id.* at ¶ 4). Plaintiff seeks to recover "back wages and liquidated damages[,]" to enjoin Defendants from further alleged "acts of interference, obstruction, and retaliation, by*, inter alia*, harming or threatening to harm

3

employees for protected activity[,]" and to require Defendants to "maintain accurate payroll records." (*Id*. at ¶ 6).

On October 16, 2023, Plaintiff filed a letter request for a pre-motion conference addressed to District Judge Gary R. Brown, seeking leave to file a partial summary judgment motion, and attaching Plaintiff's Rule 56.1 Statement. (ECF No. 68). Defendants filed a response to Plaintiff's letter motion for a premotion conference on November 13, 2023, objecting to Plaintiff's request and attaching Defendants' 56.1 Response to Plaintiff's Rule 56.1 Statement (hereafter, "Defendants' 56.1 Response"). (ECF Nos. 70, 70-1.) In Defendants' 56.1 Response, Defendants objected to paragraphs 18, 36, 37, 39, 41, 42, and 48 of Plaintiff's Rule 56.1 Statement, claiming, in general, those paragraphs are unsupported by evidence or are a legal conclusion. (*See* ECF No. 70-1 at 8-22). Defendants additionally contested paragraphs 40, 43, and 51 on the grounds that those paragraphs rely on evidence that is inadmissible. (*See id*. at 18-24).

Defendants simultaneously filed a letter requesting a pre motion conference for leave to file a motion to strike. (ECF No. 71.) Defendants argue Plaintiff's Rule 56.1 Statement "raises concerns" because "it contains impermissible legal conclusions, insinuations,[4] and uses out-of-context testimony to allege factual assertions." (*Id*. at 1.) Specifically, Defendants request the Court strike or disregard[5] "paragraphs 18, 36, 37, 39, 40, 41, 42, 43, 48, 51 and select headings

---

[4] Defendants cite to paragraph 18 of Plaintiff's Rule 56.1 Statement as "one example of the Secretary's mischaracterization of deposition testimony claiming factual accuracy, which essentially creates a false narrative to the determinant of Defendants." (*Id*. at 2.) Paragraph 18 of Plaintiff's Rule 56.1 Statement provides: "[I]n addition to omitting the portion of employees' pay that Defendants pay by cash, Defendants' payroll simulates compliance with the [FLSA] by listing false information for hours worked, hourly rate and overtime rate[,]" and cites to Plaintiff's deposition of Defendant Priftakis, where he concedes Defendants' payroll stubs "don't always reflect the total pay." (ECF No. 68-1 at 9.).

[5] As an alternative to striking the portions at issue in Plaintiff's Rule 56.1 Statement, Defendants requested the Court disregard "any improper statements" made in Plaintiff's Rule 56.1 Statement. (ECF

4

and subheadings" in Plaintiff's 56.1 Statement because they contain "conclusory allegations, mischaracterizations of deposition testimony and insinuating statements[,]" which are "misleading . .. and overall improper."[6] (*Id*. at 2).

On November 14, 2023, Judge Brown referred Defendants' request for a pre-motion conference in anticipation of a motion to strike (ECF No. 71) to the undersigned, and the undersigned subsequently dispensed with a pre-motion conference and adopted a briefing schedule for Defendants' motion. (*See* Electronic Order dated November 15, 2023.) Defendants filed their Motion to Strike on December 1, 2023, requesting that the following be "stricken and/or disregarded" by the Court in Plaintiff's Rule 56.1 Statement: (i) the headings on Pages 6, 10, 14, 15, and 16, and the subheading on Page 7; (ii) paragraphs 18, 19, 20, 22, 25, 31, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 46, 48, 50, 51, 53, 54, 55, 56, 57, 60, 63, 68, 70, 71; and (iii) Footnote 4 on Page 11 and Footnote 5 on Page 12 (ECF No. 74 at 6-25), on the grounds that these portions "contain impermissible legal conclusions, assumptions, insinuations, are argumentative, and unsupported by evidence" and "in some cases the evidence cited to is mischaracterized or used out-of-context and are therefore, improper." (ECF No. 74 at 4.) Defendants further claim Plaintiff "relies on evidence and testimony procured through an adversarial deposition which encompassed leading questions, which resulted in answers benefiting the Secretary – especially when taken out of context." (*Id*. at 6.)

---

No. 71 at 2.). Defendants further acknowledge that per the Second Circuit's guidance, "a court may simply disregard the allegations that are not properly supported" in a Rule 56.1 statement. (ECF No. 71 at 2.)

[6] Defendants argue certain statements in Plaintiff's Rule 56.1 Statement are "overall improper by their use of descriptive terms such as 'regularly,' 'typically,' and others imposing their own conclusions on cherry picked portions of deposition testimony." (ECF No. 71 at 2.) Defendants additionally claim Plaintiff's Rule 56.1 Statement "inserts footnotes that are solely legal arguments and describe their intentions and strategies at trial and are patently improper in a Rule 56.1 Statement." (*Id*.)

Plaintiff filed her response in opposition to Defendants' Motion to Strike on December 11, 2023, arguing: (i) procedurally, Defendants' motion to strike is superfluous, because "the proper way to resolve potentially disputed facts is not a motion to strike, but by examining the sources the parties rely on in a summary judgment motion[;]" and (ii) Plaintiff's 56.1 Statement "relies almost entirely on Defendants' testimony and documents" and "each asserted fact [therein] is material and thoroughly supported." (ECF No. 75. at 5-6.) Plaintiff further asserts that even if this Court finds that "legal conclusion[s] may be intertwined with any of Plaintiff's factual assertions," Plaintiff's statements of fact are "far from improper 'bare legal assertion[s]' which can simply be disregarded, as recognized . . . in *Shamrock Power Sales, LLC v. Scherer*, No. 12-8959, 2015 WL 5730339, at *16 (S.D.N.Y. Sept. 30, 2015)." (ECF No. 75 at 11.) (citing *Shamrock Power Sales,* No. 12-8959, 2015 WL 5730339, at *16).

In their Reply to Plaintiff's Opposition (ECF No. 76), Defendants argue their Motion to Strike is warranted "based on the mischaracterization of deposition testimony and the inclusion of legal and factual conclusions unsupported by the record" contained in Plaintiff's 56.1 Statement. (*Id*. at 4.) Defendants maintain that legal arguments and legal conclusions, as well as factual statements unsupported by evidence, are inappropriate to include in a 56.1 statement. (*Id*. at 5.)

## **DISCUSSION**

"Federal Courts have discretion in deciding whether to grant motions to strike" under Fed. R. Civ. P. 12(f). *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019). To succeed on a Rule 12(f) motion, a movant generally must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001).

Specifically, under Federal Rule of Civil Procedure 12(f), the district court may strike material from filings on the grounds that such material is "redundant, immaterial, impertinent, or scandalous. . . [and] [b]ecause such rejected or stricken material is not relevant to the performance of the judicial function[,] it would not be considered a judicial document[,] and would enjoy no presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019) (internal citations omitted); *see also Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Motions to strike are not generally favored, except in relation to scandalous matters.").

Scandalous allegations are those which "impugn the character" of the movant. *Brown*, 929 F.3d at 51 n.42; *Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15-cv-7425, 2016 WL 3144053, at *3 (S.D.N.Y. Apr. 11, 2016) ("[T]he grounds for a motion to strike ... do not include falsity of the matter alleged. . . [t]he question is whether the allegations impugn [the movant's] character."); *see Bartlett v. Societe Generale De Banque Au Liban SAL*, No. 19-CV-7 (CBA) (TAM), 2021 WL 8155950, at *2 (E.D.N.Y. Aug. 5, 2021) (granting motion to strike on the grounds that the movant was accused of illegal conduct, regardless of whether the accusations were true).

Under Local Rule 56.1, a party moving for summary judgment must submit a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a). The opposing party must submit a statement responding to each numbered paragraph, and can include additional paragraphs "to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1(b). Statements by each party "must be followed by citation to evidence which would be admissible" under Fed. R. Civ. P. 56(c). Local Rules 56.1(d). "Where . . . the record

does not support the assertions in a 56.1 statement, those assertions should be disregarded, and the record viewed independently" because "a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz. v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Notably, Rule 56, "as amended in 2010, allows that '[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.'" *Shannon v. Credit Agricole Secs. (USA), Inc.*, 2021 U.S. Dist. LEXIS 52329, at *10 (S.D.N.Y. Mar. 19, 2021) (quoting Fed. R. Civ. P. 56(c)(2)). And "[a]s the Advisory Committee Notes attendant to that provision make clear, '[t]here is no need to make a separate motion to strike' in addition to that objection." *Id*. (quoting Advisory Committee Note to Fed. R. Civ. P. 56). Put simply, "the Court 'need not engage in separate analysis of the motion to strike.'" *Id*. (quoting *Codename Enters v. Fremantlemedia North Am., Inc.*, 2018 U.S. Dist. LEXIS 110284, at *11 (S.D.N.Y. Jan. 12, 2018)); *see Pharamacychecker.Com v. N.A. of Bds. of Pharm.*, 2023 U.S. Dist. LEXIS 66888, at *8–9 (S.D.N.Y. Mar. 28, 2023) (collecting cases where the court simply ignored the paragraphs lacking factual support or relying on inadmissible evidence).

To this end, "[a] party seeking to strike a Rule 56.1 statement 'bears a heavy burden, as courts generally disfavor motions to strike.'" *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 U.S. Dist. LEXIS 95531, at *5 (S.D.N.Y. July 7, 2014) (quoting *Pharm., Inc.*, 2007 U.S. Dist. LEXIS 74384, at *2). "Indeed, courts in [the Second] Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions." *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, 2012 U.S. Dist. LEXIS 174295, at *19 (E.D.N.Y. Dec. 7, 2012) (collecting cases), *report and recommendation adopted*

8

*in relevant part*, 2013 U.S. Dist. LEXIS 45949 (Mar. 28, 2013); *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015) ("[T]he Court can also disregard legal conclusions or substantiated opinions in a Local Rule 56.1 statement.").

Defendants' motion to strike is superfluous. *First*, Defendants already had the opportunity to – and did – object to portions of Plaintiff's Rule 56.1 Statement in Defendants' 56.1 Response (ECF No. 70-1), and, therefore, it was unnecessary for Defendants to make a separate motion to strike objecting to portions of Plaintiff's Rule 56.1 Statement on the same grounds. *See Shannon*, 2021 U.S. Dist. LEXIS 52329, at *10. *Second*, Defendants mainly object specified portions of Plaintiff's Rule 56.1 Statement on the grounds that those portions "mischaracterize[] deposition testimony" and contain "legal and factual conclusions unsupported by the record" (ECF No. 76 at 4.) However, even if this Court agrees, the Court can simply disregard those statements which it finds improper in deciding Plaintiff's motion for partial summary judgment. *See Pharamacychecker.Com,* 2023 U.S. Dist. LEXIS 66888, at *8–9. That is, the arguments advanced on this motion to strike are the very same arguments that could be made in the summary judgment context, urging the court to disregard in considering the motion.

Plaintiff's Rule 56.1 Statement does not otherwise contain material that is "redundant, immaterial, impertinent, or scandalous." *Brown*, 929 F.3d 41, 51-52. Rather, the statements at issue in Plaintiff's 56.1 Statement discuss: (i) Defendants' recordkeeping practices; (ii) Defendants' employees' hours and pay; (iii) Defendants' alleged retaliation and child labor violations; and (iv) Defendants' good faith defense (ECF No. 75 at 2), all of which are material and relevant to Plaintiff's claims against Defendants under the FLSA.

9

While legal arguments and legal conclusions, as well as factual statements unsupported by evidence, may be considered inappropriate to include in a 56.1 statement and may be properly disregarded by the Court in deciding motions for summary judgment, Defendants have not sufficiently demonstrated that the statements at issue here should be stricken from the record. *Roe*, 151 F. Supp. 2d at 510; *Shannon*, No. 17-CV-00667 (AJN), 2021 WL 1063183, at *4 (noting that to the extent the moving party argues the non-movant's Rule 56.1 statement should be stricken "because it contains 'improper arguments,' the burden for demonstrating the necessity of such a remedy is high"). Accordingly, Defendant's Motion to Strike is denied.

### **CONCLUSION**

For the reasons stated herein, Defendants' Motion to Strike (ECF No. 74) is denied.

Dated: Central Islip, New York
December 22, 2023

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
