FILED
CLERK

4/8/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
LORI CHAVEZ-DEREMER, *Acting Secretary of Labor*, *United States Department of Labor*,[1]

                *Plaintiff*,

   -against-

TOP NOTCH HOME DESIGNS CORP. d/b/a TOP NOTCH, and LEONIDIS "LUIS" PRIFTAKIS,

                *Defendants*.
------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

20-cv-5087 (JMW)

**A P P E A R A N C E S:**

Peter Frank Kellett
Nicole Steinberg
**U.S. Department of Labor**
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
*Attorneys for Plaintiff*

Pankaj Malik, Esq.
**PM Law PC**
14 Penn Plaza
225 West 34th Street, 9th Floor
New York, NY 10122
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Lori Chavez-DeRemer, Secretary of Labor (the "Secretary" or "Plaintiff")

commenced this action against Defendants Top Notch Home Designs Corp. d/b/a Top Notch and

Leonidas "Luis" Priftakis (the "Defendants") for their willful violations of the Fair Labor

Standards Act ("FLSA") "by paying employees day rates for all hours worked, failing to record

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Lori Chavez-DeRemer is automatically substituted as Plaintiff in this action.

1

hours worked, engaging in oppressive child labor, and then threatening employees who cooperated with the Department of Labor." (*See generally*, ECF No. 51.) Following a settlement conference before the Court, the matter was resolved and the Court is now asked to consider the parties' proposed Consent Judgment. (ECF No. 127.) Additionally, the parties consented to the undersigned for all purposes. (ECF No. 128.) For the reasons that follow, the Motion to Approve the Consent Judgment (ECF No. 127) is **GRANTED**.

<u>BACKGROUND</u>

### I.   <u>Factual Background</u>

Defendant Top Notch Home Designs Corp. d/b/a Top Notch ("Top Notch") is a construction company located in Hungtington Station, NY. (ECF No. 51 at ¶¶ 10-11.)  Defendant Leonidas "Luis" Priftakis ("Priftakis") is the owner of Top Notch, who had active control and management of the company. (*Id.* at ¶¶ 13, 15-24.)  (ECF No. 51 at ¶¶ 10-11.)  From October of 2016 through October of 2019, Defendants had their employees perform a variety of roofing and siding work, which would require long days of "9.5-11.5 hour work days and sometimes longer." (*Id.* at ¶¶ 3, 32-36.)  As such, the employees worked roughly fifty-seven to sixty-nine hours per week, which during busy seasons could be higher. (*Id.* at ¶ 40.)  Regardless of the hours worked, fixed daily rates were paid and no overtime wages were provided. (*Id.* at ¶¶ 41-42.) Defendants did not maintain any records. (*Id.* at ¶¶ 44-45.)  Following a site visit conducted by the U.S. Department of Labor in October of 2019, the Wage Hour Investigator Nelcy Agudelo noticed an individual working who appeared to be a minor. (*Id.* at ¶¶ 46-48.)  Defendant Priftakis when asked about that individual's age – lied claiming that he was of age – when in fact the individual was a minor. (*Id.* at ¶¶ 48, 59.) Subsequently, Defendant Priftakis continued to interfere with the investigation and retaliated against employees who complained to the Department of Labor,

2

which only escalated once Defendant was informed of formal enforcement. (*Id.* at ¶¶ 49-58.) Accordingly, the Secretary brought this action alleging willful violations of §§ 7, 11(a), 11(c), 12(c) and 15(a)(2)-(4)) of the FLSA, "by paying employees day rates for all hours worked, failing to record hours worked, engaging in oppressive child labor, and then threatening employees who cooperated with the Department of Labor." (*Id.* at ¶ 1.)  The Secretary also sought "to enjoin acts and practices  which violate the provisions of the FLSA, to recover back wages and liquidated damages, and to obtain other appropriate relief." (*Id.*)  Following failed attempts to settle the matter (*see* Electronic Report dated 5/18/2023) and Defendants' failure to produce certain financial documents (*see* ECF Nos. 99, 105-06, 112, 114), the parties finally resolved the matter with the assistance of this Court at the January 30, 2026 Settlement Conference. The parties were directed to prepare settlement papers and file a proposed Consent Judgment for the Court's review, which is the instant application. (Electronic Order dated 1/30/2026.)

## II.   Proposed Consent Judgment Terms

The proposed Consent Judgment includes both monetary terms as well as injunctive relief. It also resolves all remaining claims in this matter and related matters. (*See* ECF No. 127-1 at 2 n.2.)

Under the terms of the proposed Consent Judgment, Defendants agreed to pay (i) unpaid overtime back wages in the amount of $45,000.00 to the employees listed in Exhibit A to the proposed consent judgment, (ii) $45,000.00 in liquidated damages, (iii) $2,500.00 in punitive damages, (iv) $2,500.00 in civil penalties for their willful violations, and (v) $5,000.00 in civil penalties for child labor violations pursuant to § 16(e) of the FLSA,  for a total payment of $100,000.00. (*Id.* at 5.) There are clear instructions on how and where Defendants are to make

3

payments, such as the exact web link with further outlined steps and the dates that each payment is due. (*Id.* at 5-8.) Additionally, pursuant to the proposed consent judgment, Defendants are prohibited from violating numerous sections of the FLSA. (*Id.* at 2-3.) Defendants are also ordered to distribute copies of flyers to their current employees within twenty (20) days of the entry of this Order, entitled "Employee Rights Under the Fair Labor Standards Act" and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," issued by the U.S. Department of Labor. (*Id.* at 9.) Importantly, the Consent Judgment does not in "any way affect, determine, or prejudice any and all legal rights of any employees not listed on Exhibit A." (*Id.* at 10.) Lastly, the parties agree that each party "will bear its own fees and other expenses incurred," and that this Court retains jurisdiction in this action to enforce the Consent Judgment. (*Id.*)

## **DISCUSSION**

A consent judgment is "an agreement of the parties entered into upon the record with the sanction and approval of the [c]ourt." *New York ex rel. Spitzer v. Saint Francis Hosp.*, 289 F. Supp. 2d 378, 383–84 (S.D.N.Y. 2003) (quoting *Schurr v. Austin Galleries of Ill., Inc.,* 719 F.2d 571, 574 (2d Cir.1983)). The Second Circuit "recognizes a strong federal policy favoring the approval and enforcement of consent decrees." *U.S.S.E.C. v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 293–94 (2d Cir. 2014) (internal citation and quotation marks omitted).

> [T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved, [] in the event that the consent decree includes injunctive relief. Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order.

*Id.* (internal citations and quotation marks omitted).

In order to determine whether a consent judgment is fair and reasonable, the court must consider the following four factors: (i) the basic legality of the decree, (ii) whether the terms of

the decree, including its enforcement mechanism, are clear, (iii) whether the consent decree reflects a resolution of the actual claims in the complaint, and (iv) whether the consent decree is tainted by improper collusion or corruption of some kind. *See Chavez-DeRemer v. Friends for Life Home Care Servs. LLC*, No. 24-CV-8720 (NJC) (AYS), 2026 WL 89649, at \*2 (E.D.N.Y. Jan. 7, 2026). Here, upon consideration of the relevant factors, the proposed consent judgment is fair, reasonable and approved as set forth below.

*First,* the basic legality requirement is satisfied because a "proposed consent judgment with the U.S. government is legal as long as the court has authority to enter the judgment and the plaintiff has authority to enforce it." *Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350 (PKC) (JAM), 2024 WL 3592170, at \*5 (E.D.N.Y. July 26, 2024) (quoting *Acosta v. Bratcher*, 343 F. Supp. 3d 108, 112 (W.D.N.Y. 2018)). Under the FLSA, specifically §§ 16(c) and 17, the Secretary has authority to enforce the proposed judgment and the Court likewise has authority to issue such an Order granting the proposed judgment. *See* 29 U.S.C. § 216(c) ("The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation … [and] may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages."); *see also* 29 U.S.C. § 217 ("The district courts, … shall have jurisdiction, for cause shown, to restrain violations….") Moreover, the terms are clear and specific as it enjoins Defendants from violating the FLSA and requires Defendants to maintain adequate records. (ECF No. 127-1 at 3-4.) Under the terms of the consent judgment, Defendants agreed to pay (i) unpaid overtime back wages in the amount of $45,000.00 to the employees listed in Exhibit A to the proposed consent judgment, (ii) $45,000.00 in liquidated damages, (iii) $2,500.00 in punitive damages, (iv) $2,500.00 in civil penalties for their willful violations, and (v) $5,000.00 in civil

5

penalties for child labor violations pursuant to § 16(e) of the FLSA,  for a total payment of $100,000.00. (*Id.* at 5.) Additionally, pursuant to the proposed consent judgment, Defendants are prohibited from violating §§ 7(a), 11(c), 12(c), and 15(a)(2)-(5) of the FLSA. (*Id.* at 2-3.) Therefore, the Secretary has the authority to enforce the FLSA and bring this action. *See Friends for Life Home Care Servs. LLC*, 2026 WL 89649, at *2. Accordingly, the proposed consent judgment satisfies the basic legality factor.

*Second,* the proposed judgment is clear. The proposed consent judgment lays out (i) who the parties are, and who it applies to, which here are the Defendants, (ii) the violations of the FLSA, (iii) the employees impacted and the list of the employees, and (iv) the conduct that shall be prohibited moving forward. (*See* ECF No. 127-1.) Likewise, the terms of payment are clear and unambiguous as it outlines the form of payment, timing, and method are defined in the proposed judgment. (*See id.* at 5-7.) In these circumstances, Courts have found the second factor is satisfied. *See e.g., Acosta v. Agave Elmwood Inc.*, No. 17-CV-00605 (EAW), 2018 WL 5519540, at *3 (W.D.N.Y. Oct. 29, 2018); *Friends for Life Home Care Servs. LLC*,  2026 WL 89649, at *3; *Su v. Ennia Q Rest. Inc.*, No. 23-CV-4670 (MKB)(ST), 2023 WL 7150888, at *1 (E.D.N.Y. Oct. 31, 2023).

*Third,* the proposed consent judgment reflects resolution of the claims in the Second Amended Complaint, which relates to the alleged unpaid overtime wages from "October 2016 through at least October 11, 2019" as well as the other FLSA violations. (*See* ECF No. 51 at 1, 6, 10.) The judgment includes a list of the employees and the amounts due for each employee. (*See* ECF No. 127-1, Exhibits A-B.) It also provides the conduct that Defendants shall no longer engage in that necessitated this lawsuit. Accordingly, the proposed consent judgment resolves the claims in the Second Amended Complaint. *See Su v. Ennia Q Rest. Inc.*, No. 23-CV-4670

6

(MKB)(ST), 2023 WL 7390198, at *2 (E.D.N.Y. Sept. 26, 2023), *report and recommendation adopted in part*, No. 23-CV-4670 (MKB)(ST), 2023 WL 7150888 (E.D.N.Y. Oct. 31, 2023) ("The agreement also dispenses with the entirety of Plaintiffs claims against Defendants.")

*Fourth,* Plaintiff avers that there "is no suggestion of improper collusion or corruption here, nor could there be" as this was a result of several months of arms-length negotiations. (ECF No. 127 at 1-2.) Indeed, the Court had direct involvement and oversight in the latest settlement efforts (*see* Electronic Order dated 1/30/2026), and is satisfied there was no interparty collusion or corruption. Accordingly, the fourth factor is satisfied. *See Xia*, 2024 WL 3592170, at *8 ("The Parties' settlement agreement was the product of over two years of intense negotiations at arms' length."); *Sec. & Exch. Comm'n v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 373 (S.D.N.Y. 2016) ("The manner in which this agreement was negotiated does not suggest any impropriety.")

*Fifth,* the Court must also determine that public interest would not be disserved. *See Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 293–94. The Secretary asserts that the judgment "serves the public interest by recovering back wages, liquidated damages, punitive damages, and civil money penalties and enjoining Defendants to comply with the FLSA in the future." (ECF No. 127 at 1.) "[A]s the consent agreement solely requires Defendants to follow the requirements of the FLSA, there is no indication that imposing such injunctive relief on Defendants would be against the public interest." *Ennia Q Rest. Inc.*, 2023 WL 7390198, at *2. Moreover, no objections or opposition has been filed.  "Accordingly, the Court affords the Secretary's determination 'significant deference' and finds that the proposed consent judgment serves the public interest." *Friends for Life Home Care Servs. LLC*, 2026 WL 89649, at *3 (quoting *Citigroup*, 752 F.3d at 296).

As a final matter, the proposed consent judgment contains a provision that the Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment. (ECF No. 127-1 at ¶ XIV.) As such, the Court will retain jurisdiction to enforce the Consent Judgment. *See Friends for Life Home Care Servs. LLC*, 2026 WL 89649, at *6 (attaching the approved consent judgment with the same provision).

## CONCLUSION

For the reasons stated, the Court finds the Consent Judgment is fair and reasonable, and thereby approved, and the Motion (ECF No. 127) is **GRANTED**. The Clerk of the Court is respectfully directed to close out the case.

Dated: Central Islip, New York
      April 8, 2026

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8